NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT FEDUNIAK and MAUREEN FEDUNIAK,<br><br>            Plaintiffs,<br><br>      v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.  5:13-cv-02060 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 36] |

In this diversity action, the Feduniaks sue their title insurance carrier, Old Republic National Title Insurance Company (Old Republic), for alleged breach of contract, breach of the covenant of good faith and fair dealing, and bad faith.  Their claims arise out of an easement recorded by the Bonannos, the prior owners of the Feduniaks' residential property, in favor of the California Coastal Commission (Coastal Commission).  Plaintiffs say that the Bonannos failed to disclose this easement to them when they purchased the property.

The instant lawsuit is not the only litigation spawned by disputes over the easement:

- At plaintiffs' request, Old Republic retained the law firm Noland, Hamerly, Etienne & Hoss (Noland Hamerly) to pursue litigation on plaintiffs' behalf against the Coastal Commission to invalidate the easement. Old Republic paid most or all of the legal costs incurred in that litigation, in which the Feduniaks ultimately were

1       unsuccessful.

2   - The Coastal Commission subsequently brought an action against the Feduniaks
3       over the Commission's dissatisfaction with their efforts to comply with cease and
4       desist orders pertaining to the easement.  The Feduniaks and the Coastal
5       Commission eventually settled this matter.

6   - A separate lawsuit currently is pending in Monterey County Superior Court styled
7       *Robert & Maureen Feduniak v. Bert & Bonnie Bonanno*, Case No. M118536
8       (Bonanno Action).  This court is told that the Bonanno Action alleges claims for
9       breach of the real estate purchase and sale contract between the Feduniaks and the
10      Bonannos, as well as claims for intentional and negligent misrepresentation.[1]
11      Noland Hamerly filed the complaint, and Old Republic says that it is consulting
12      with and paying the firm to prosecute this case.

13  In the instant action, plaintiffs seek damages from Old Republic, contending that they are
14  entitled to at least double the $1.5 million Old Republic paid them for the diminution in their
15  property value caused by the easement.  Plaintiffs also claim that Old Republic is obliged to
16  reimburse the fees and costs they incurred in defending and settling the action brought by the
17  Coastal Commission.  Old Republic maintains that it has fully compensated plaintiffs for their
18  loss.  Additionally, defendant contends that the Coastal Commission's action against the
19  Feduniaks did not involve a claim adverse to their title to the property and arose out of matters not
20  covered by plaintiffs' policy.

21  At issue in Discovery Dispute Joint Report (DDJR) No. 1 is whether California Evidence
22  Code § 962,[2] California's joint client exception to the attorney-client privilege, applies to
23  confidential communications between Old Republic and Noland Hamerly concerning the Bonanno

---

[1] Although the parties evidently intended to append a copy of the Bonanno Action complaint to the instant discovery report, neither the report e-filed on ECF nor the chambers copy submitted to the undersigned contain any exhibits.  There is no apparent dispute, however, as to the nature of the claims asserted in the Bonanno Action.

[2] Because this is a diversity action in which only state law claims are alleged, California privilege law applies.  Fed. R. Evid. 501.

Action. Section 962 essentially provides that where two clients have retained or consulted a lawyer on a "matter of common interest," neither client may claim a privilege as to a communication made in the course of that relationship when the communication is offered in a civil proceeding between the clients.[3] The primary purposes of the joint client exception are:

> (1) to prevent unjustifiable inequality in access to information necessary to resolve fairly disputes that arise between parties who were in the past joint clients---when the disputes relate to matters that were involved in the joint representation and (2) to discourage abuses of fiduciary obligations and to encourage parties to honor any legal duties they had to share information related to common interests.

Vieste, LLC v. Hill Redwood Dev., No. C09-04024 JSW (DMR), 2010 WL 4807058 at *4-5 (N.D. Cal., Nov. 18, 2010) (quoting Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd., 150 F.R.D. 648, 653 (N.D. Cal. 1993); see also Wortham & Van Liew v. Super. Ct., 188 Cal. App.3d 927, 931, 233 Cal. Rptr. 725, 727 (1987) ("[A]lthough the attorney-client privilege is important, even more important is that relationship which the privilege is intended to protect, namely the relationship of an attorney to his client and his fiduciary obligations to his client.").

Claiming that § 962 precludes defendant from asserting a privilege, plaintiffs seek an order compelling Old Republic to produce its communications with Noland Hamerly concerning the Bonanno Action.[4] Old Republic opposes this discovery on the ground that the Bonanno Action is not a matter of "common interest" and § 962 does not apply. Defendant also argues that the requested communications are irrelevant. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons discussed below, plaintiffs' request for an order compelling this discovery is granted.

Defendant argues that the Bonanno Action is merely a subrogation suit and therefore is not

---

[3] "Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them, nor the successor in interest of any of them, may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients (or his successor in interest) and another of such clients (or his successor in interest)." Cal. Evid. Code § 962.

[4] Defendant says that the subject request asks for all "correspondence and emails to and/or from Noland, Hamerly, Etienne & Hoss."

3

a matter of "common interest" between Old Republic and the Feduniaks. Old Republic says this is so because in that lawsuit it seeks, not damages for the Feduniaks, but only the amounts it paid to them under their policy. True, plaintiffs' policy provides for Old Republic's right of subrogation upon payment or settlement of a claim. (Dkt. 1 at 25-26, Policy § 12(a)). But, defendant's position rests on a disputed premise, i.e., that Old Republic has paid and settled plaintiffs' claim in full. As discussed above, plaintiffs contend that the diminution in their property value is at least twice what Old Republic paid them. And, their policy provides that if a payment does not fully cover an insured's loss, then Old Republic is subrogated "to all rights and remedies *in the proportion which [Old Republic]'s payment bears to the whole amount of the loss*." (Id.) (emphasis added) Moreover, plaintiffs point out that the subject communications pre-date Old Republic's June 2013 payment by several years, including billing records dating back to 2007. This court therefore agrees with plaintiffs that, while Old Republic may have *an* interest in the Bonanno Action, that does not mean that plaintiffs have *no* interest in that matter.

Old Republic is not aided by its citation to Roush v. Seagate Technology, LLC, 150 Cal. App.4th 210, 58 Cal. Rptr.3d 275 (2007).[5] There, two of the defendant's former employees retained the same law firm at different times to represent them in connection with completely different claims (one alleged sexual orientation discrimination and harassment; the other claimed that defendant retaliated against him for being a whistleblower). Here, the Feduniaks have an interest in recouping all of their claimed losses. This court is persuaded by their arguments that they have an interest in the Bonanno Action because they are the plaintiffs in that case, the asserted claims belong to them, settlement of those claims will require releases from them, and any judgment entered in that matter will be binding on them. And, as discussed above, Old Republic has failed to convince that the Bonanno Action is simply one for subrogation or that Noland Hamerly's professional obligations are owed solely to Old Republic and not the Feduniaks. Old Republic's assumption that plaintiffs will be fully compensated by judgment in

---

[5] Contrary to Old Republic's assertion, Vieste did not cite to Roush "with approval," but rather, found Roush inapposite and concluded that it did "nothing to further Defendant's argument." Vieste, 2010 WL 4807058 at *6. For the reasons discussed above, this court also finds Roush inapposite.

the instant action is speculative. Under the circumstances presented, the Feduniaks and Old Republic have a "common interest" in the Bonanno Action, and the joint client exception under § 962 applies.

Defendant nevertheless maintains that the requested discovery is irrelevant, asserting that the withheld documents have nothing to do with the diminution in the property value or whether Old Republic is obliged to reimburse the Feduniaks for expenses incurred in defending the Coastal Commission's Action. Plaintiffs believe that the subject communications, which include communications between 2007 and 2011, may be relevant to show that Old Republic knew of or participated in the mitigation efforts preceding the filing of the Coastal Commission's action or may reveal discussions about damages relevant to the diminution in the Feduniaks' property value. Relevance is construed broadly for discovery purposes, and having concluded that the Bonanno Action is a "matter of common interest," the court finds that the requested communications are relevant or reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiffs' claims. Fed. R. Civ. P. 26(b)(1).

Based on the foregoing, plaintiffs' request for an order compelling this discovery is granted. Defendant shall produce the subject communications within 14 days from the date of this order.

**SO ORDERED**.

Dated: August 7, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-02060-BLF Notice has been electronically mailed to:

Mark Allen Cameron     mcameron@fentonkeller.com

Paul Thomas Martin     pmartin@hgla.com, ttabakov@hgla.com

Roger B. Mead     rmead@folgerlevin.com, bgreivel@folgerlevin.com

Ronald Karl Giller     rgiller@hgla.com