UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT FEDUNIAK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OLD REPUBLIC NATIONAL TITLE COMPANY,<br><br>    Defendant. | Case No. 13-cv-02060-BLF<br><br>**ORDER SUBMITTING MOTION TO DISMISS WITHOUT ORAL ARGUMENT AND VACATING HEARING DATE; AND DENYING MOTION TO DISMISS**<br><br>[Re: ECF 91] |

Defendant Old Republic National Title Company ("Old Republic") seeks dismissal of Claims 2 and 3 of the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). The Court has determined that the motion is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the motion is SUBMITTED and the hearing date of April 16, 2015 is VACATED. For the reasons discussed below, the motion is DENIED.

**I.    BACKGROUND**

The facts of this case are well-known to the parties and the Court and need not be set forth in full here. Plaintiffs Robert and Maureen Feduniak ("the Feduniaks") claim that Old Republic has breached a title insurance policy issued in connection with their purchase of a home in Pebble Beach, California. Their original complaint asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and insurance bad faith. On November 20, 2014, the Court granted partial summary judgment for Old Republic.

With respect to Claim 1 for breach of contract, the Court granted summary judgment as to theories based upon Old Republic's failure to discover the open air easement prior to the Feduniaks' purchase of the property and failure to pay, under § 4(a) of the policy, defense costs

incurred by the Feduniaks in defending against a suit brought by the California Coastal Commission. The Court noted that Old Republic had acknowledged a dispute as to the amount of diminution in value caused by the easement and had not sought summary judgment as to that theory. Finally, the Court concluded that the Feduniaks had failed to plead what appeared to be their primary contract theory, that they were entitled to reimbursement of defense costs under § 4(b) of the policy. The Court *sua sponte* granted the Feduniaks leave to amend their contract claim to encompass this theory.

With respect to Claim 2 for breach of the implied covenant and Claim 3 for insurance bad faith, the Court held that the claims were duplicative and *sua sponte* granted the Feduniaks leave to amend to combine them. The Court also granted summary judgment for Old Republic as to any bad faith claim based upon failure to pay full diminution in value and denied summary judgment as to the Feduniaks' bad faith claim for failure to reimburse for defense costs incurred in litigating the Coastal Commission action.

On December 5, 2014, the Feduniaks filed the operative FAC, asserting claims for: (1) indemnity, (2) breach of contract, and (3) breach of implied covenant of good faith and fair dealing/insurance bad faith.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.   DISCUSSION**

This case is in a fairly unusual procedural posture in that the Court is presented with a motion to dismiss after the Court has reviewed a considerable amount of evidence in connection with a prior motion for partial summary judgment. Under the applicable legal standards, the Court may not consider any of that evidence in evaluating the present motion to dismiss. The Court's task is to determine whether the FAC states a claim upon which relief may be granted.

Old Republic seeks dismissal of Claim 2 (breach of contract) and Claim 3 (bad faith). Claim 1 (indemnity), which seeks recovery of the diminution in value caused by the easement, is not at issue in this motion.

**A.   Claim 2 – Breach of Contract**

The FAC alleges that, "with the approval and support of Defendant acting pursuant to Paragraph 4(b) of the Title Policy," the Feduniaks took a number of steps to prevent the Coastal Commission from enforcing the Cease and Desist and Restoration Orders. FAC ¶ 15, ECF 88. Those steps included filing a successful petition for writ of administrative mandamus, defending the writ on appeal, and seeking review in the California Supreme Court of the adverse appellate decision. *Id.* Further steps included submitting alternative plans to the Coastal Commission, specifically, the February 4, 2008 plan that complied with the Commission's orders by removing the golf course completely and the February 19, 2008 plan that preserved some elements of the golf course and provided funds for restoration of native dune habitat at other coastal sites. *Id.* ¶ 17. Old Republic paid for most of the expenses associated with those efforts, including the costs of litigating the writ of administrative mandamus through the California Supreme Court and preparing the alternative restoration plans. *Id.* ¶¶ 15-17. Old Republic also agreed to fund the off-site restoration proposed in the February 19, 2008 plan. *Id.* ¶ 17.

The Feduniaks allege that "[a]s a direct and proximate consequence" of those efforts, the Commission filed suit against them; they incurred substantial expenses in defending that suit; and

3

1    Old Republic is contractually obligated to pay those expenses under Paragraph 4(b) of the policy.
2    FAC ¶¶ 29-30. Old Republic has not reimbursed the Feduniaks for the expenses incurred in
3    defending against the Coastal Commission action, which total approximately $1,000,000. *Id.* ¶¶
4    31-32.

5        Old Republic moves to dismiss on two grounds. First, Old Republic argues that the
6    Feduniaks' theory of liability is flawed because as a matter of law the language of § 4(b) does not
7    and could not obligate Old Republic to reimburse the Feduniaks for costs of defending the Coastal
8    Commission action. Second, Old Republic asserts that Claim 2 is barred by the statute of
9    limitations.

10       In ruling on Old Republic's prior motion for summary judgment, the Court held expressly
11   that on the unusual facts of this case § 4(b) might obligate Old Republic to reimburse the
12   Feduniaks for the costs incurred in defending the Coastal Commission action. *See* Order of Nov.
13   20, 2014, ECF 81. The Court devoted six pages of its order to parsing the language of § 4(b),
14   discussing the scant authority interpreting § 4(b), and explaining the narrow circumstances in
15   which § 4(b) could give rise to liability in this case. *See id.* at 10-16. The Court concluded as
16   follows:

> Considering the record as a whole, and drawing all inferences in favor of the non-moving party, the Court concludes that there are triable issues of fact whether Old Republic, having availed itself of the rights provided under § 4(b) on several prior occasions, made a further election under § 4(b) to support submission of an alternative mitigation plan; and whether such further election under § 4(b), and the Feduniaks' conduct in pursuit of such election, led to the Coastal Commission's lawsuit. If those facts were resolved in the Feduniaks' favor, they would be entitled to reimbursement of their defense costs in the Commission's action.

22   *Id.* at 15-16.

23       Although the allegations of the FAC could have been clearer, it is apparent that Claim 2 is
24   asserted under this theory. To the extent that Old Republic requests the Court to reconsider its
25   legal determination regarding the potential scope of § 4(b), the Court declines to do so. The Court
26   emphasizes that its ruling on this point constitutes only a determination that § 4(b) *might* give rise
27   to liability here. The prior order "recognize[d] that the Feduniaks bear a heavy burden of
28   establishing not only a further § 4(b) election by Old Republic but also causation between such §

4

4(b) election and the costs incurred in defending the Commission's lawsuit." *Id.* at 16.

Turning to Old Republic's second argument, the applicable statute of limitations for the Feduniaks' contract claim is two years. *See* Cal. Civ. P. Code § 339(1). "[T]he cause of action upon a . . . policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." *Id.* Old Republic argues that the claim under § 4(b) accrued when the Coastal Commission filed suit against the Feduniaks, and that it appears on the face of the FAC that the suit was filed on October 22, 2010. *See* FAC ¶ 18. The Feduniaks commenced this action more than two years later, on April 3, 2013. Thus, Old Republic argues, the § 4(b) claim is time-barred.

Old Republic's argument is not well-taken. The Feduniaks' claim is that Old Republic breached § 4(b) by electing to participate in a strategy that caused the Coastal Commission to sue and then *refusing to pay or reimburse* the costs of that suit. *See* FAC ¶ 30. None of the authorities cited by Old Republic suggests that under these circumstances the two-year limitations period began running upon the *filing* of the suit – before any costs could have been incurred and before any request for reimbursement could have been made (let alone refused).

As the Court has noted throughout these proceedings, there is a surprising dearth of authority interpreting § 4(b) given that it is a standard title insurance policy provision. The Feduniaks rely upon *Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072 (1991), a decision addressing the accrual of a claim against a title insurer for breaching the duty to defend. The decision is not directly on point, because Old Republic's duty to defend – which in this case is governed under § 4(a) – is not at issue. *Lambert* nonetheless is useful in understanding the California courts' expectations of insureds who seek to recover defense costs that they claim are recoverable from the insurer.

In *Lambert*, the court held that a claim for breach of the duty to defend accrues on the day that the insurer refuses tender of the defense, but that the statute of limitations is equitably tolled until the underlying action is terminated by final judgment. *Lambert*, 53 Cal. 3d at 1077. The court observed that in some cases the underlying action giving rise to the duty to defend may take more than two years to litigate. *Id.* Concluding that it would be "untenable" to "allow expiration

5

of the statute of limitations on a lawsuit to vindicate the duty to defend even before the duty itself expires," the court held that "[t]he insured must be allowed the option of waiting until the duty to defend has expired before filing suit to vindicate that duty." *Id.*

This rationale is equally applicable to the Feduniaks' claim that Old Republic was obligated under § 4(b) to pay or reimburse for defense costs incurred in the Coastal Commission action. It would be unreasonable to permit the statute of limitations to run against a claim for reimbursement of defense costs while those defense costs continue to be incurred.

Accordingly the motion to dismiss is DENIED as to Claim 2.

### B.     Claim 3 – Bath Faith

A claim for insurance bad faith lies when "the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l. Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001) (citing *Careau & Co. v. Sec. Pac. Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)). Claim 3 alleges that Old Republic not only breached its obligation to pay or reimburse defense costs, but "deliberately abandoned the Plaintiffs when the strategy to pursue alternative mitigation . . . led to the filing of the Commission Lawsuit and potential exposure for more than $25 million in fines and penalties." FAC ¶ 35.

Old Republic states correctly that "[u]nless benefits due under the policy are withheld or denied, a claim for bath faith cannot be maintained." Def.'s Reply at 7 (citing *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990)), ECF 97. Old Republic argues that since no benefits are due under § 4(b), no bad faith claim may be maintained. As discussed above, the Feduniaks have alleged a viable claim for failure to pay benefits due under § 4(b). Old Republic's argument thus is without merit.

Accordingly, the motion to dismiss is DENIED as to Claim 3.

1  **IV. ORDER**

2  For the foregoing reasons,

3  (1) The motion to dismiss is SUBMITTED without oral argument;

4  (2) The hearing date of April 16, 2015 is VACATED; and

5  (3) The motion to dismiss is DENIED.

7  Dated: February 13, 2015

BETH LABSON FREEMAN
United States District Judge