UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT FEDUNIAK and MAUREEN FEDUNIAK,

Plaintiffs,

v.

OLD REPUBLIC NATIONAL TITLE COMPANY,

Defendant.

Case No. 13-cv-02060-BLF

**ORDER RE MOTIONS IN LIMINE**

The Court held a pretrial conference on April 23, 2015 and a *Daubert*[1] hearing on April 24, 2015. With respect to the parties' motions in limine, the Court rules as follows:

**DEFENDANT'S MOTIONS IN LIMINE**

**(1)  Defendant's Motion in Limine No. 1 to Exclude Evidence of Encroachment of Structures onto Open Space Easement**

Plaintiffs allege in this action that Defendant has not paid them the full diminution in the value of the property caused by the easement. Defendant moves to exclude from the diminution calculation any evidence regarding the encroachment onto the easement of existing structures on the property.

The motion is GRANTED with the understanding that Plaintiffs' counsel may seek court approval to raise this issue on cross-examination of defense expert Michael Mason.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

**(2)  Defendant's Motion in Limine No. 2 to Exclude Evidence Not Included in Rule 26 Disclosures**

Defendant asserts that Plaintiffs failed to satisfy their disclosure obligations under Federal Rule of Civil Procedure 26(a) and (e) and on that basis moves the exclude certain witness testimony and documents under Federal Rule of Civil Procedure 37(c).  The Court's rulings with respect to those witnesses and documents are as follows:[2]

- a. Mark Cameron:  DEFERRED until trial, as he is a rebuttal witness.
- b. Aengus Jeffers:  DENIED.
- c. Mike Canning:  GRANTED on the basis that Plaintiffs have withdrawn this witness.
- d. Roger Peterson:  GRANTED.
- e. Paul Gullion:  GRANTED on the basis that Plaintiffs have withdrawn this witness.
- f. William Srigley:  GRANTED on the basis that Plaintiffs have withdrawn this witness.
- g. Nancy Cave:  DENIED; Defendant may depose Ms. Cave at Plaintiffs' expense.
- h. John Bridges:  GRANTED.
- i. Exhibits:
    1. Exhibits related to encroachment (Exhs. 223, 225, 327-332, 334-339, 342):  DENIED.
    2. The contract to sell Plaintiffs' home (Exh. 207):  DENIED.
    3. Correspondence from Plaintiffs' lawyers (Exhs. 208, 225, 324, 333, 337, 339, 341):  DENIED.
    4. Correspondence from Old Republic (Exhs. 335-336, 338, 342):  DENIED.
    5. Photographs of Plaintiffs' property (Exh. 344):  DENIED; and
    6. Attorney billing statements (Exhs. 346-347):  DENIED.

---

[2] The Court's ruling is limited to the scope of testimony set forth in Defendant's Motion in Limine No. 2.

2

**(3)  Defendant's Motion in Limine No. 3 to Exclude Plaintiffs' Proposed Expert, Terry Lloyd**

GRANTED.  A separate order will follow.

**(4)  Defendant's Motion in Limine No. 4 to Exclude Opinion Testimony of Craig Butorac**

Defendant moves to exclude the testimony of Plaintiffs' expert, Craig Butorac, on the bases that he was not timely disclosed as an expert under Federal Rule of Civil Procedure 26; his opinions are not relevant to the diminution in value caused by the easement when it was discovered in 2001; and his appraisal of the property as vacant land is based upon the unsupported assumption that the home will be razed.

GRANTED on the basis that Plaintiffs have withdrawn this witness.

**(5)  Defendant's Motion in Limine No. 5 to Exclude Evidence and Argument Regarding an Alleged Offer to Purchase Plaintiffs' Property for $9 Million and the Reason it was Terminated**

In October 2014, Plaintiffs entered into a contract to sell the property for $9,000,000.  In November 2014 the buyer cancelled the contract.  Defendant moves to exclude evidence of the purchase contract and the reason that the buyer elected not to go forward.

DENIED as to the purchase contract.

GRANTED as to evidence and argument regarding the buyer's reason for cancellation.

**(6)  Defendant's Motion in Limine No. 6 to Exclude Evidence and Argument Regarding Plaintiffs' Attorneys' Fees and Costs Incurred Before the Coastal Commission Action was Tendered to Old Republic**

Plaintiffs claim that the attorneys' fees and costs they incurred defending the Coastal Commission action are recoverable as damages for Defendant's alleged breach of § 4(b) of the policy.  Defendant moves to exclude evidence and argument regarding any defense fees and costs incurred prior to the date upon which Plaintiffs orally tendered the defense to Defendant in January 2012.

GRANTED.

**(7) Defendant's Motion in Limine No. 7 to Exclude Evidence and Argument Regarding Plaintiffs' Payment to a Charitable Foundation**

Plaintiffs claim that a $125,000 payment to a charitable dune enhancement project in settlement of the Coastal Commission action is recoverable as damages flowing from Defendant's alleged breach of § 4(b) of the policy. Defendant argues that the $125,000 payment is outside the scope of coverage under the policy.

GRANTED.

**(8) Defendant's Motion in Limine No. 8 to Exclude Evidence of Plaintiffs' Unreimbursed Expenses Incurred in Attempting to Mitigate their Damages Under the Policy**

Defendant moves to exclude evidence of $131,861 expenses that Plaintiffs claim to have incurred as a result of Defendant's alleged breach of § 4(b) of the policy. Defendant argues that those expenses are outside the scope of the policy.

DENIED.

**(9) Defendant's Motion in Limine No. 9 to Exclude Evidence of Plaintiffs' Alleged Emotional Distress**

Defendant moves to exclude evidence of Plaintiffs' alleged emotional distress on the ground that the emotional distress did not arise from financial deprivation traceable directly to Defendant's nonpayment of a claim.

DENIED.

**(10) Defendant's Motion in Limine No. 10 to Exclude Evidence of Old Republic's Subrogation Rights Against the Bonannos**

Defendant moves to exclude evidence of Old Republic's subrogation rights against the Bonannos on the grounds that the evidence is irrelevant and prejudicial.

GRANTED.

**(11) Defendant's Motion in Limine No. 11 to Exclude Testimony that was the Subject of Instructions not to Answer Based on the Attorney-Client Privilege**

Defendant moves to exclude testimony of Robert Feduniak and John Bridges regarding certain subject matter based upon their refusal to answer deposition questions on grounds of

attorney-client privilege. The Court's rulings with respect to the subject matter at issue are as follows:

    **a.**  **Robert Feduniak:**

        1.  Information regarding why the California Coastal Commission sued Plaintiffs, including whether Defendant did anything to cause the Coastal Commission to do so: GRANTED.

        2.  The reason why Plaintiffs made a $125,000 payment to a charitable foundation as part of resolving a claim with the Coastal Commission and why Mr. Feduniak believed that Defendant should reimburse Plaintiffs for that payment: GRANTED.

        3.  The reasons why Plaintiffs did not ask Defendant to reimburse legal fees incurred in defending the action that was commenced by the Coastal Commission (and why they requested that certain other fees be reimbursed): GRANTED.

        4.  Whether Mr. Feduniak thought that the Coastal Commission litigation was covered by the title insurance policy, particularly since Plaintiffs made a claim under a homeowner's policy: GRANTED.

        5.  How Plaintiffs felt when they learned that Defendant would not defend the case commenced by the Coastal Commission: DENIED.

    **b.**  **John Bridges**

        1.  Why Mr. Bridges did not tender the defense of the Coastal Commission action to Defendant: GRANTED.

### PLAINTIFFS' MOTIONS IN LIMINE

**(1)** **Plaintiffs' Motion in Limine No. 1 to Exclude Testimony by Defendant's Proposed Expert, Charles A. Hansen**

Plaintiffs move to exclude the testimony of Defendant's expert, Charles A. Hansen, on the grounds that: (1) many of his opinions constitute impermissible legal opinions; (2) many of his opinions should be excluded under Federal Rule of Evidence 402 and 403, as they concern issues

1  that are not relevant or for which any probative value is substantially outweighed by the risk of

2  confusion and/or wasting time; and (3) many of Mr. Hansen's opinions reflect his interpretation of

3  communications that the jury is equally capable of interpreting, and Mr. Hansen thus utilized no

4  special knowledge, skill, experience, training or education in reaching those opinions as required

5  under Federal Rule of Evidence 702.

6  DEFERRED until trial.  The Court will address Plaintiffs' concerns regarding Mr.

7  Hansen's testimony on an objection-by-objection basis.

8  **(2)   Plaintiffs' Motion in Limine No. 2 to Exclude Testimony and Opinions Expressed in**

9  **the Supplemental Rebuttal Expert Report of Old Republic's Expert Witness D.**

10  **Michael Mason**

11  Plaintiffs move to exclude the testimony and opinions expressed in the supplemental

12  rebuttal expert report of Defendant's expert witness Michael Mason.

13  DENIED.

15  If any of these rulings affect the parties' proposed jury instructions, amended proposed

16  instructions are to be submitted to the Court on or before May 8, 2015.

18  **IT IS SO ORDERED.**

20  Dated: April 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge